IN THE SUPREME COURT OF THE STATE OF DELAWARE

LAMOTT STEVENSON, §
§ No. 261, 2024
Defendant Below, §
Appellant, § Court Below—Superior Court
§ of the State of Delaware
v. §
§ Cr. ID No. 1201020817A (N)
STATE OF DELAWARE, §
§
Appellee. §

Submitted: August 28, 2024
Decided: October 11, 2024

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

After careful consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, we conclude that the Superior Court's denial of the appellant's third motion for postconviction relief should be affirmed on the basis of the Superior Court's June 13, 2024 memorandum opinion.[1]  We agree with the Superior Court's determination that the affidavit that the appellant proffered as new evidence of actual innocence does "not meet his heavy burden of showing that the result of his trial would probably change" if a new trial were granted.[2]  The appellant has not pleaded any other circumstances under Rule 61(d)(2)(i) or (d)(2)(ii) that

---

[1] *State v. Stevenson*, 2024 WL 2974594 (Del. Super. Ct. June 13, 2024).
[2] *Bass v. State*, 299 A.3d 336, 362, 367 (Del. 2023).

overcome the procedural bars set forth in Rule 61,[3] nor does he claim that the Superior Court lacked jurisdiction.[4]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[3] *See* DEL. SUPER. CT. CRIM. R. 61(d)(2) (providing that a second or subsequent motion for postconviction relief "shall be summarily dismissed, unless the movant was convicted after a trial and the motion" pleads with particularity either "that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted" or "a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction . . . invalid"); *see also id.* R. 61(i) (establishing procedural bars to postconviction relief and exceptions thereto).
[4] *Id.* R. 61(i)(5).